On Remand from the Supreme Court of the United States
PER CURIAM:
Defendant Harry Roberts was charged by grand jury indictment with first degree murder in violation of La.R.S. 14:30. After trial by jury, he was found guilty as charged and was sentenced to death. This Court affirmed his conviction and sentence on appeal, rejecting defendant’s contention that the death penalty provision of La.R.S. 14:30 was unconstitutional. 331 So.2d 11 (La.1976). The Supreme Court of the United States granted defendant’s petition and reversed our judgment “insofar as it upholds the death sentence upon petitioner.” Roberts v. Louisiana, 431 U.S. 633, 97 S.Ct. 1993, 52 L.Ed.2d 637 (1977). The case was remanded to this Court with the following mandate:
ON CONSIDERATION WHEREOF, it was ordered and adjudged on June 6, 1977, by this Court that the judgment of the Supreme Court of Louisiana in this cause be reversed with costs, insofar as it upholds the death sentence, and that this case be remanded to the Supreme Court of the State of Louisiana for further proceedings not inconsistent with the opinion of this Court.
NOW, THEREFORE, THE CAUSE IS REMANDED to you in order that such proceedings may be had in the said cause, in conformity with the judgment of this Court above stated, as accord with right and justice, and the Constitution and laws of the United States, the said writ notwithstanding.
In accordance with this mandate, the death penalty imposed on defendant must be annulled and set aside. For the reasons set forth in State v. Jenkins, 340 So.2d 157 (La.1976), we have concluded that the appropriate penalty to be imposed upon a valid conviction for first degree murder is the most severe constitutional penalty established by the legislature for criminal homicide at the time the offense was committed. La.R.S. 14:29 et seq. In the instant case, the offense was committed on February 26, 1974, at which time the most severe valid penalty for homicide was imprisonment at hard labor for life without eligibility for parole, probation or suspension of sentence for a period of twenty years. See La.R.S. 14:30.1, as added by Acts 1973, No. Ill, § 1.
Accordingly for the reasons assigned in our original opinion, defendant’s conviction is affirmed, but the death penalty is annulled and set aside, and the case remanded to the district court with instructions to resentence defendant to imprisonment at hard labor for life without eligibility for parole, probation or suspension of sentence for a period of twenty years.